Read, Judge.
The determination of this question depends upon the time within which the statute makes it the duty of a justice of the peace to issue execution.
The 63d section of the act of 1831, relating to justices of the peace, provides for stay of execution, upon condition of entering into a recognizance, etc.
The 66 th section provides that if the person against whom judgment was rendered shall refuse or neglect to enter into such recognizance, it shall be the duty of the justice, unless otherwise directed, to issue execution.
*250 The 68th section provides, that if execution issue before entering into a recognizance for stay, and afterwards a recognizance be entered into for stay within the time allowed for entering the same, execution shall be recalled.
. Under this act no time was fixed within which a"recognizance for stay should be entered.
The first section of the act of 1833, amendatory of the act above mentioned, provides that a recognizance for stay of execution shall be entered into within ten days faom the day of judgment.
The duty of the justice, by the 66th section, to issue execution, arises upon the neglect or refusal of the person against whom judgment is rendered, to enter into a recognizance for stay of execution. The first .section of the act of 1833 gives to the person against whom judgment was rendered, ten days to put in a recognizance for the stay. How, then, can a person be said to neglect or refuse to enter into a recognizance for the stay, before the time expires, given by law, to enter into such recognizance ? If, then, it be no refusal or neglect of 250] the judgment debtor, not to enter into a recognizance until *the ten days given him by law have expired, it follows, of course, that ’until the lapse of that time the contingency has not happened which makes it the duty of the justice to issue execution. This conclusion is irresistible.
Upon a construction of the whole statute, it resolves itself into this : A justice of the peace is not guilty of neglect of duty if he do not issue execution until ten days after judgment. He may issue execution within ten days; he should do so if the judgment creditor specially direct it; he must do so after the ten days have expired, unless directed by the judgment creditor, or his agent, not to do so.
This view of the statute is in conformity with the general construction placed upon it in practice, and such as fairness, justice, and the provisions of the statute would seem to require.
In this case the execution was issued within ten days, and there was no special order to issue sooner.
It is the opinion of a majority of the court that the magistrate performed all that was required of him by law.
Demurrer sustained.